SOCIETE INTERNATIONALE POUR PARTICIPATIONS INDUSTRIELLES ET COMMERCIALES S.A., etc., Appellant,

v.

Herbert BROWNELL, Jr., Attorney General of the United States, as Successor to the Alien Property Custodian, et al., Appellees.

Nos. 13460, 13527.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 11, 1957.

Decided April 11, 1957.

Petition for Rehearing In Banc Denied May 10, 1957.

See, also, 145 F.Supp. 494.

Mr. John J. Wilson, Washington, D. C., with whom Messrs. Roger J. Whiteford, Philip S. Peyser and Duane G. Derrick, Washington, D. C., were on the brief, for appellant.

Mr. David Schwartz, Attorney, Department of Justice, with whom Messrs. George B. Searls, Sidney B. Jacoby, Paul E. McGraw and Ernest S. Carsten, Attorneys, Department of Justice, were on the brief, for appellees.

Before WILBUR K. MILLER, FAHY and DANAHER, Circuit Judges.

PER CURIAM.

We consolidated appeals from orders of the District Court which had (1) refused to give appellant (plaintiff) additional time within which to obtain and produce for inspection records of the banking house, H. Sturzenegger & Cie of Basle, Switzerland, not previously obtained and tendered to the appellees (Government) and (2) dismissed plaintiff's complaint with prejudice. Various aspects of the litigation were earlier treated by the District Court,[1] and by us.[2]

We provided that dismissal of the complaint with prejudice was not to become effective until six months after the receipt by the District Court of our mandate, and not then, if within that period discovery had been provided as ordered. Our mandate was received by the District Court January 24, 1956, and by July 24, 1956, plaintiff had obtained and assembled in Washington many thousands of Sturzenegger records. Plaintiff sought an extension of time from the District Court and submitted a proposed discovery plan which had been approved by the Swiss Government. It was contemplated that full discovery was to be achieved by permitting an independent investigator, a neutral, to inspect the Sturzenegger files to ascertain which of certain unknown remaining records were relevant. It was further contemplated that production of such records could be assured by letters rogatory or by copying. The District Court declined further relief, and on August 3, 1956, plaintiff's complaint was dismissed with prejudice and on August 21, 1956, plaintiff's motion to vacate the order of dismissal was denied.

That plaintiff and its counsel patiently and diligently sought to achieve compliance with the District Court's discovery order is not to be doubted. There is no question of lack of diligence, indeed plaintiff is quite right in its suggestion that delays in the disposition of the case were "inherent in its nature." Basically, however, the problem was summed up adequately by Chief Judge Laws, thus:

"At the end of more than seven years now, I just find no assurance whatever that these papers that we

1. Societe Internationale, etc. v. McGranery, D.C.D.C.1953, 111 F.Supp. 435.

2. Societe Internationale, etc. v. Brownell, 1955, 96 U.S.App.D.C. 232, 225 F.2d 532, petition for rehearing en banc denied Sept. 1, 1955, certiorari denied, 1956, 350 U.S. 937, 76 S.Ct. 302, 100 L.Ed. 818, petition for rehearing denied, 1956, 350 U.S. 976, 76 S.Ct. 430, 100 L.Ed. 846.

·have ordered to be produced will be produced. I don't see how the plaintiff is going to be able to comply with that order so long as the Government of Switzerland continues its confiscation of the papers.

"Now, under the laws of the United States, there is no provision whatever for a neutral to decide what papers are relevant or what are not, in reference to this case, and under the applicable rules of the United States courts, there is no requirement that any party to a case should be forced to proceed by way of letters rogatory to obtain documents in custody of one of the parties. I think it very well may be unfortunate that the plaintiff must be deprived of its trial by reason of the laws of another nation and the acts of its representatives. I must confess I have quite a little sympathy for counsel for plaintiff, because I know that counsel have worked extremely hard to comply with the order, and I have made a formal finding that they acted in good faith, including the plaintiff. But the procedural laws of the United States, as well as the substantive laws, may not be relaxed upon its courts because of difficulties a party may have with a different sovereign power.

"In my view, nothing short of a complete release of the papers by the Government of Switzerland, leaving this court or its representative in a position to decide what is relevant or what is to be produced, will comply with our laws. I simply don't see how I would have any right whatever to permit a neutral to come in there to take the place of this court or its special master. If I did that, I think that would write something new into the rules of the court; and that is as far as we have gotten, at the end of now seven years."

No more need be said. Plaintiff's American assets were seized in the United States as enemy owned property and title, pursuant to law, was vested in the Alien Property Custodian and his successor, the Attorney General. Plaintiff sought recovery of the vested assets on the premise that it is not and was not an enemy or an ally of an enemy. In the course of the ascertainment of the plaintiff's right, resort having been had to our courts, the papers in question became relevant. We concluded that they are not privileged, and except for the laws and actions of the Swiss Government, there is no doubt they could and would have been amenable to the discovery which our courts ordered under rules deemed essential and conducive to the proper and orderly administration of justice in a court of the United States. Since we have held that it was not fundamentally unfair or arbitrary to require the plaintiff to comply with an order designed to elicit the truth, or, failing compliance, to dismiss the action, the District Court's orders were within its powers. There is no error.

Affirmed.